IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marvin K. Jones, ) | C/A No. 0:14-4114-JMC-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Wal-Mart, Inc.; Sacramento Dept. of Child ) | |
| Support Svcs.; Automatic Data Processing, ) | |
| Inc., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Marvin K. Jones ("Plaintiff"), proceeding pro se, brings this action for violation of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff is a non-prisoner, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

## **BACKGROUND**

Plaintiff alleges that "a lower court" issued a ruling in 2003 and again on March 13, 2013, but each of the Defendants has failed to follow the orders. [Doc. 1 at 1.] He alleges that the 2013 order pertains to the discontinuance of deducting money from his paycheck, and he has had numerous telephone communications throughout the years with Defendants to request the discontinuance of withholding money from his paycheck in accordance with the court order. [*Id*. at 1–2.] Plaintiff attached to the Complaint two copies of a Wal-Mart earnings statement[1] issued to him (dated June 20, 2013, and March 14, 2013), and they both indicate that family/child support money was withheld. [Doc. 1-1 at 1–2.] He also attached to the Complaint a purported copy of an order from the Circuit

---

1) Both attached earnings statements show Plaintiff's address in Jacksonville, Florida.

Court of the Fourth Judicial Circuit for Duval County, Florida, filed on March 15, 2013, wherein a circuit judge ordered that Plaintiff's motion to stop child support obligation be granted because the child has emancipated, any income deduction order for support payments be terminated immediately, the arrearage balance be set to zero, and any withheld funds be released to Plaintiff. [Doc. 1-2 at 1–2.] Plaintiff alleges that his address is Fort Mill, South Carolina.[2] [*Id*.] He alleges the following addresses for Defendants: Wal-Mart Associates, Inc. in Bentonville, Arkansas, Automatic Data Processing, Inc. in El Paso, Texas, and Sacramento Board of Supervisors[3] in Sacramento, California. [*Id*. at 3.]

Based on these factual allegations, Plaintiff contends that Defendants have violated his due process rights and the Full Faith and Credit Clause of the Constitution; thus, he alleges this Court has federal question jurisdiction.[4] [Doc. 1 at 1–2.] He seeks $500,000 from each Defendant. [*Id*. at 2.]

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the

---

2) Because Plaintiff referred to a South Carolina and North Carolina address, this Court's October 29, 2014, Order directed Plaintiff that he needed to clarify his address. [Doc. 8.] He did, and it is the South Carolina address. [Doc. 10.]

3) Plaintiff seems to use Sacramento Board of Supervisors and Sacramento Dept. of Child Support Svcs. interchangeably.

4) Plaintiff does not allege a state law claim based on diversity jurisdiction under 28 U.S.C. § 1332.

District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*).  However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal.  The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## **DISCUSSION**

The Complaint appears to be filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the

3

Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Although the Court must liberally construe the pro se Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact); *cf. Skinner v. Switzer,* 131 S. Ct. 1289 (2011) (holding that plaintiff need not pin his claim for relief to precise legal theory).

Plaintiff's action should be dismissed because he does not plausibly allege that a right secured by the Constitution or law of the United States was violated or that the alleged violation was committed by a person acting under the color of state law. The Full Faith and Credit Clause of the United States Constitution does not create a private right of action; it is a rule intended to guide state courts in certain situations. *See Thompson v. Thompson*, 484 U.S. 174, 182–83 (1988) (explaining the Full Faith and Credit Clause—constitutional or statutory—does not give rise to an implied federal cause of action); *Canipe v. Canipe*, No. 89-1506, 1990 WL 180118, at *2 (4th Cir. 1990) (refusing to exercise jurisdiction and noting that the constitutional Full Faith and Credit Clause and

4

statutory counterpart do not provide federal causes of action); *see also In re Genesys Data Tech., Inc.*, 204 F.3d 124, 127 (4th Cir. 2000) (explaining the Full Faith and Credit Clause of the Constitution and the federal statute, 28 U.S.C. § 1738, that direct federal courts to afford state court judgments full faith and credit). Therefore, Plaintiff's allegation that Defendants violated the Full Faith and Credit Clause by refusing to adhere to a Florida state court order does not allege a cognizable claim on which relief may be granted.[5]

As noted above, § 1983 "provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, 132 S. Ct. 1657, 1661 (2012). "Anyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983." *Id*. The allegations against Wal-Mart and Automatic Data Processing are against the Defendants in general that they did not release funds to Plaintiff, continued to take money from Plaintiff, and ignored a Florida state court order. Those Defendants are alleged to be private corporations, and there are no allegations that Wal-Mart and Automatic Data Processing acted in any way attributable to a state. With few exceptions, purely private conduct, no matter how wrongful, is not actionable under 42 U.S.C. § 1983 and the United States Constitution. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1983); *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001). Therefore, Plaintiff's alleged violations of his constitutional due process

---

5) Previously, in 2014, an United States District Court for the Middle District of Florida, Jacksonville Division, ruled in a similar case filed by Plaintiff against the same defendants and an additional defendant, that this Clause does not create a private right of action. *See* Report and Recommendation, *Jones v. Wal-Mart Assocs. Inc.*, No. 3:13-cv-1254-J-34JRK (M.D.Fla. May 5, 2014), ECF No. 19, *adopted* (M.D.Fla. May 30, 2014), ECF No. 20. The case was dismissed without prejudice. *Id*.

rights should be dismissed against Defendants Wal-Mart and Automatic Data Processing because they are not alleged to be state actors.[6]

Liberally construed, it appears that the Sacramento Dept. of Child Support Svcs. could qualify to be a state actor because apparently it is alleged to be a governmental department within the state or other municipality of California. However, it cannot be sued under § 1983 because it is not a person. It is well settled that only "persons" may act under color of state law, so a defendant in a § 1983 action must qualify as a "person." Although suing an entire department may be a lawsuit against a group of people, groups of people are not amenable to suit under § 1983. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that Food Service Supervisors was a group of people not subject to suit); *Dalton v. South Carolina Dep't of Corr.*, C/A No. 8:09-260-CMC-BHH, 2009 WL 823931, at *2 (D.S.C. March 26, 2009) (dismissing the medical staff of SCDC and Prison Health Services as defendants because they were not persons). Therefore, the Sacramento Dept. of Child Support Svcs. should be dismissed from this action because Plaintiff fails to state a § 1983 claim against it.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S.

---

6) In *Jones v. Wal-mart Assocs. Inc.*, No. 3:13-cv-1254-J-34JRK (M.D.Fla. May 5, 2014), ECF No. 19, *adopted* (M.D.Fla. May 30, 2014), ECF No. 20, that court ruled that Plaintiff had not plausibly alleged state action.

6

319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).  **Plaintiff's attention is directed to the important notice on the next page.**

                                                                        s/Jacquelyn D. Austin
                                                                        United States Magistrate Judge

November 18, 2014
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).