# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Marvin K. Jones, ) | |
| ) | Civil Action No. 0:14-cv-04114-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Wal-Mart, Inc.; Sacramento Dept. of Child ) | |
| Support Svcs.; Automatic Data Processing, ) | |
| Inc., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Marvin K. Jones, proceeding *pro se*, brings this action alleging violation of his constitutional rights pursuant to 42 U.S.C. § 1983 by Wal-Mart, Associates, Inc. ("Wal-Mart"); Automatic Data Processing, Inc. ("ADP"); and the Sacramento Department of Child Support Services[1] ("DCSS") (collectively "Defendants"). Plaintiff is a non-prisoner, and he files this action *in forma pauperis* under 28 U.S.C. § 1915.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) (D.S.C.), the matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial handling. On November 18, 2014, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the court dismiss the case without prejudice and without issuance and service of process. (ECF No. 15.) This review considers Plaintiff's Objections to the Report ("Objections") (ECF No. 18) and his Motion to Amend the Complaint (ECF No. 19), which documents were filed on December 2, 2014. For the reasons set forth herein, the court **ACCEPTS** the ultimate conclusions of the Report and thereby **DISMISSES** Plaintiff's

---

[1] Plaintiff appears to use "Sacramento Board of Supervisors" and "Sacramento Dept. of Child Support Services" interchangeably. (*See, e.g.,* ECF No. 1 at 1, ECF No. 18 at 1.)

1

Complaint. (ECF No. 1.)

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed his initial *pro se* Complaint on October 22, 2014, alleging that Defendants, "violated Plaintiff's Due Process . . . rights and [E]qual Protection of the laws . . ." by disregarding a "lower court" order relieving Plaintiff of wage garnishment for child support payments. (ECF No. 1 at 1.) Plaintiff seeks relief in the amount of $500,000.00 from each of the named Defendants for violating Plaintiff's rights. (ECF No. 1 at 2.) Plaintiff alleges that a 2013 order ("2013 Order") pertains to the termination of a previously court ordered wage garnishment deducting wages from his Wal-Mart paycheck. Plaintiff claims he has had numerous telephone communications throughout the years with Defendants to request the discontinuance of withholding money from his paycheck in accordance with that order. (ECF No. 1-2.) Plaintiff alleges that Defendants vigorously ignored his pleas and ignored the 2013 Order and continued to deduct money from his paycheck. (ECF No. 1 at 2.)

Plaintiff attached two statements of earnings (dated from June 20, 2013, and March 14, 2013) from Wal-Mart indicating the wage garnishments withheld from Plaintiff's gross pay. (ECF No. 1-1 at 1, 2.) Plaintiff also attached the 2013 Order in the matter of *Atkinson v. Jones*, Case No. 16-2003-DR-1644 (Cir. Ct. Duval Cnty., Fla. 2013), which terminated an "income deduction order for support payments," set the arrearage balance to zero, and released any withheld funds to Plaintiff. (ECF No. 1-2 at 1–4.) Plaintiff states that there are no other lawsuits pending in any court involving this case, and the only previous lawsuit, involving the same named Defendants in this matter as well as the Federal Office of Child Support Services, was dismissed on May 5, 2014. (ECF No. 1 at 2 (referencing *Jones v. Wal-Mart & Assocs.*, C/A 3:13-cv-1254-J-34JRK (May 5, 2014)).)

2

The Magistrate Judge's review of Plaintiff's Complaint was conducted pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2).  On October 29, 2014, the Magistrate Judge issued an Order granting Plaintiff's Motion for Leave to proceed *in forma pauperis.* (ECF No. 8 at 1.)  Under the General Order *In Re: Procedures in Civil Actions filed by Non-Prisoner Pro Se Litigants,* No. 3:07-mc-5015-JFA (D.S.C Sept. 18, 2007), the Magistrate Judge ordered Plaintiff to: (1) complete summons form listing each Defendant with their respective addresses, and (2) complete, sign, and return Form USM-285 (three blank forms were provided by the court) for each Defendant in the case.  (ECF No. 8 at 1–2.)  In her Order, the Magistrate Judge warned that failure to comply could result in dismissal of Plaintiff's case for failure to prosecute pursuant to Fed. R. Civ. P. 41.  *Id.* On November 7, 2014, Plaintiff returned one summons to the court with only Defendant "Wal-Mart Associates, Inc." listed as well as three USM-285 forms filled out with the other Defendants named in the "SERVE AT" fields.  (ECF No. 11.)

The Magistrate Judge issued her Report ("Report") on November 18, 2014. (ECF No. 15.) The Report recommends that this court dismiss this action without prejudice and without issuance and service of process.  (ECF No. 15 at 6.)  The Report asserts that since Wal-Mart and ADP are private corporations and Plaintiff has not alleged their conduct is "fairly attributable to the state," it is not cognizable that they may be sued under 42 U.S.C § 1983.  (ECF No. 15 at 5 (citing *Filarsky v. Delia*, 132 S. Ct. 1657, 1661 (2012)).)  Additionally, the Report mentions that DCSS could be construed liberally to be perceived as a state actor because it is allegedly a governmental department within the State of California.  (ECF No. 15 at 6.)  However, since DCSS is not a person, it is precluded from being sued under § 1983.  (*Id.* (citing *Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983)).)

3

Plaintiff timely filed his Objections to the Report on December 2, 2014 (ECF No. 18), and included a Motion to Amend his Complaint (ECF No. 19).[2] (ECF No. 18 at 1.) Plaintiff did not present any case law or new factual concerns in his Objections challenging the Magistrate Judge's Report. (ECF No. 18.) Finally, on December 22, 2015, Plaintiff filed a document to correct the spelling of Defendant "Abbie" (no last name provided), an alleged case manager with DCSS. (ECF No. 20.)

## II.    LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  *See Matthews v. Weber*, 423 U.S. 261, 270–71 (1976).  This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions.  *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections.  Fed. R. Civ. P. 72(b).  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Failure to timely file specific written

---

[2] Plaintiff specifically states that he "wish[es] to amend complaint to include Manager Sherry in Wal-Mart Payroll Department, Abbey Case Manager for Sacramento County Child Support Division, and Tali Rosales Case Manager for Automatic Data Processing Inc." (ECF No. 18 at 1.)

4

objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  If the plaintiff fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

Plaintiff was granted the request to proceed with this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute.  (ECF No. 8 at 1.)  This statute authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i–iii).  As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented to the court," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The liberal construction requirement does not mean that the court can ignore a clear failure in the pleading to allege facts, which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). The plaintiff is not required to plead facts sufficient to prove their case as an evidentiary matter in the complaint, and the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### III.     ANALYSIS

In the Report, the Magistrate Judge observed that the Complaint on its face "appears to be filed pursuant to 42 U.S.C. § 1983 which 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  (ECF No. 15 at 3 (citing *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979))).)  In this regard, the Magistrate Judge observed that to state a claim under § 1983, a plaintiff must allege two separate elements: (1) a right secured by the Constitution of laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  (*Id.* at 4 (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).)  The Magistrate Judge further observed that "Plaintiff's action should be dismissed because he does not plausibly allege that a right secured by the Constitution or law of the United States was violated or that the alleged violation was committed by a person acting under the color of state law."  (*Id.*)

In response to Plaintiff's allegations in the Complaint that his due process rights under the Full Faith and Credit Clause of the United States Constitution were violated by Defendants' failure to follow the 2013 Order relieving the garnishment of his wages (ECF No. 1 at 1), the Magistrate Judge fully explains that the Full Faith and Credit Clause does not create a private, federal right of action, but simply provides the court guidance in particular situations.  (ECF No. 15 at 4-5 (citing *Thompson v. Thompson,* 484 U.S. 174, 182 (1988)).)  "Therefore, [the Magistrate Judge concludes that] Plaintiff's allegation that Defendants violated the Full Faith and Credit Clause by refusing to adhere to a Florida state court order does not allege a cognizable claim on which relief may be granted."  (*Id.* at 5.)  The Magistrate Judge further concludes that Wal-Mart and ADP do not meet the requirement of a person acting under 'color of state law' in a

§ 1983 claim because their conduct, even when liberally construed, is not attributable to the state such that they should be considered state actors.  (ECF No. 15 at 5–6.)

In his Objections, Plaintiff does not offer any explanation or case law as to why his rights are infringed upon in regard to the Full Faith and Credit Clause.  (*See* ECF No. 18.)  Moreover, even though Plaintiff did move to amend his Complaint to add "Manager Sherry in Wal-Mart Payroll Department" and "Tali Rosales Case Manager for Automatic Data Processing Inc." (ECF No. 19 at 1–2), he fails to establish how the conduct of Wal-Mart and ADP resembles that of a state actor in his Complaint or in his Objections.  (*See* ECF Nos. 1, 18.)

Upon review of Plaintiff's § 1983 claims against Wal-Mart and ADP, the court agrees with the Magistrate Judge that Wal-Mart and ADP did not act under color of state law for purposes of Plaintiff's claim filed pursuant to § 1983.  The court finds that the Complaint's factual allegations amount to strictly private conduct.  *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1983); *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001).  Because Wal-Mart and ADP are not state actors, a claim under § 1983 is not cognizable.  Accordingly, Plaintiff has failed to state a plausible claim on the face of the *pro se* Complaint for which relief may be granted, and Wal-Mart and ADP should be dismissed from this action in accordance with the Magistrate Judge's Report and 28 U.S.C § 1915(e)(2)(B)(ii).

For the purpose of acting under "color of state law" under § 1983, DCSS may be considered a state actor because it is allegedly a governmental department within the State of California.  (ECF No. 1 at 3.)  However, only a *person* may be sued under § 1983 and in his Complaint, Plaintiff does not name a person, only the entity itself as a party to the suit.  *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *Dalton v. S.C. Dep't of Corr.*, C/A No.: 8:09-260-

CMC-BHH, 2009 WL 823931, at *2 (D.S.C Mar. 26, 2009) (dismissing the medical staff of SCDC and Prison Health Services as defendants because they were not persons).

Notwithstanding the aforementioned, Plaintiff did file a Motion to Amend his Complaint to name a case manager "Abbey," at DCSS (ECF No. 19 at 1–2) and subsequently corrected the spelling to "Abbie." (ECF No. 20.) Even if the court granted Plaintiff's Motion to Amend his Complaint to include a person allegedly acting under color of state law, his claims would fail because there is no private right of action for violation of the Full Faith and Credit Clause in federal court, either directly or under the implementing statute, 28 U.S.C. § 1738. *See Thompson*, 484 U.S. at 182–83 ("The significance of Congress' full faith and credit approach to the problem of child snatching is that the Full Faith and Credit Clause, in either its constitutional or statutory incarnations, does not give rise to an implied federal cause of action. Rather, the Clause only prescribes a rule by which courts, [f]ederal and state, are to be guided when a question arises in the progress of a pending suit as to the faith and credit to be given by the court to the public acts, records, and judicial proceedings of a State other than that in which the court is sitting.") (internal quotation marks and citations omitted); *Minnesota v. N. Secs. Co.*, 194 U.S. 48, 72 (1904) ("We do not think that the clause of the Constitution above quoted has any bearing whatever upon the question under consideration. It only prescribes a rule by which courts, Federal and state, are to be guided when a question arises in the progress of a pending suit as to the faith and credit to be given by the court to the public acts, records, and judicial proceedings of a state other than that in which the court is sitting. Even if it be assumed that the word 'acts' includes 'statutes,' the clause has nothing to do with the conduct of individuals or corporations; and to invoke the rule which it prescribes does not make a case arising under the Constitution or laws of the United States."). Accordingly, the court agrees with the Magistrate Judge that

Plaintiff has failed to state a plausible § 1983 claim against Abbie or DCSS.  (ECF No. 15 at 6.)

## IV.    CONCLUSION

Based on the aforementioned reasons and the record in this case, the court **DISMISSES** Plaintiff's Complaint (ECF No. 1) without prejudice and without issuance and service of process.  The court **ACCEPTS** the conclusions of the Magistrate Judge's Report and Recommendation (ECF No. 15) and incorporates them by reference.  The other pending Motions, Plaintiff's Motion to Amend the Complaint and Motion to Amend/Correct Names (ECF Nos. 19, 20), are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 10, 2015
Columbia, South Carolina